JUSTICE COTTER
concurs.
¶25 As to Issue 1, I agree with Justice Nelson’s assertions in his Dissent to the effect that this Court should not allow a facially illegal sentence to stand, even if it was imposed at the acquiescence or invitation of the defendant. Nonetheless, I concur in the Court’s decision to affirm the order of restitution because, in my judgment, it was a facially legal sentence.
¶26 Section 46-18-243(2)(a), MCA, defines a “victim,” for restitution purposes, as “a person who suffers loss of property ... as a result of the commission of an offense ....” Such a victim is entitled to recover from the offender those damages he could “recover against the offender in a civil action arising out of the facts or events constituting the offender’s criminal activities.” Section 46-18-243(l)(a), MCA. The restitution sentence was imposed on the bail-jumping charge. There can be no question that Barry Bail Bonds, by virtue of posting the $100,000.00 bond on behalf of Walker, suffered a loss of property when Walker fled the jurisdiction without paying the cost of the bond. Nor can it be disputed that Bonds would have been entitled to recover his losses from Walker in a civil action. Therefore, I would conclude that the sentence was a legal one under the restitution statutes, and would affirm on that basis.
¶27 As to Issue 2,1 join Justice Leaphart’s Concurring Opinion.